IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON and COLUMBUS DIVISIONS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | INDICTMENT |
| | : | |
| v. | : | CRIMINAL NO. 5:21-CR- 3 |
| | : | |
| (1) JARVIS LOCKETT a/k/a "J-ROCK," | : | VIOLATIONS: |
| (2) DERRICK OWENS a/k/a "DOOMIE," | : | 21 U.S.C. § 846 |
| (3) CHRISTOPHER RAINES a/k/a "BINKY," | : | 21 U.S.C. § 841(a)(1) |
| (4) ARMARD DAVIS a/k/a "BLACK JACK," | : | 21 U.S.C. § 841(b)(1)(A)(ii) |
| (5) JASON CARTER, | : | 21 U.S.C. § 841(b)(1)(B) |
| (6) SHAQUILLE BENTLEY, | : | 21 U.S.C. § 841(b)(1)(C) |
| (7) BRYANNA HOLMES, | : | 21 U.S.C. § 844(a) |
| (8) VERNON VEGAS, | : | 7 U.S.C. § 2156(a)(1) |
| (9) LEKEY DAVIS a/k/a "KEE BOO," | : | 7 U.S.C. § 2156(b) |
| (10) KATHY ANN WHITFIELD, | : | 18 U.S.C. § 2 |
| (11) RODRICK WALTON a/k/a "RODRIE | : | 18 U.S.C. § 49 |
| WALTON." | : | 18 U.S.C. § 371 |
| | : | 21 U.S.C. § 853 |
| | : | 21 U.S.C. § 881(a) |
| | : | 28 U.S.C. § 2461(c) |

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE AND
COCAINE BASE)

That from on or about May 1, 2019, through on or about February 28, 2020, in the Macon

and Columbus Divisions of the Middle District of Georgia, and elsewhere within the jurisdiction

of this Court,

(1) JARVIS LOCKETT a/k/a "J-ROCK,"
(2) DERRICK OWENS a/k/a "DOOMIE,"
(3) CHRISTOPHER RAINES a/k/a "BINKY,"
(4) ARMARD DAVIS a/k/a "BLACK JACK,"
(5) JASON CARTER,
(6) SHAQUILLE BENTLEY,
(7) BRYANNA HOLMES,
(8) VERNON VEGAS,
(9) LEKEY DAVIS a/k/a "KEE BOO,"
(10) KATHY ANN WHITFIELD,

did knowingly and intentionally combine, conspire, and agree together and with each other, and with others, both known and unknown to the Grand Jury, to knowingly possess with the intent to distribute a Schedule II controlled substance, to wit: five (5) kilograms or more of a mixture or substance containing a detectible amount of cocaine; and a Schedule II controlled substance, to wit: cocaine base, in an amount over twenty eight (28) grams; all in violation of Title 21, United States Code, Section 846 in connection with Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(ii), and 841(b)(1)(B)(iii).

Before **DERRICK OWENS** committed the offense charged in Count One, **DERRICK OWENS** had a separate, final conviction for a serious drug felony, namely a conviction under Official Code of Georgia Annotated for VGCSA – Possession of Cocaine with Intent to Distribute, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before **CHRISTOPHER RAINES** committed the offense charged in Count One, **CHRISTOPHER RAINES** had a separate, final conviction for a serious drug felony, namely a conviction under Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(iii), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before **ARMARD DAVIS** committed the offense charged in Count One, **ARMARD DAVIS** had a separate, final conviction for a serious drug felony, namely a conviction under Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii), for which he served more than 12

2

months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before **LEKEY DAVIS** committed the offense charged in Count One, **LEKEY DAVIS** had two separate, final convictions for serious drug felonies, namely a conviction under Official Code of Georgia Annotated for VGCSA – Trafficking in Cocaine (200-400 grams), and a second conviction under Official Code of Georgia Annotated for VGCSA – Possession of Cocaine with Intent to Distribute, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to those offenses within 15 years of the commencement of the instant offense.

## COUNT TWO
### (DISTRIBUTION OF COCAINE)

On or about July 10, 2019, in the Macon Division of the Middle District of Georgia, the Defendant,

### (1) JARVIS LOCKETT a/k/a "J-ROCK,"

knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THREE
### (DISTRIBUTION OF COCAINE BASE)

On or about September 12, 2019, in the Macon Division of the Middle District of Georgia, the Defendant,

### (1) JARVIS LOCKETT a/k/a "J-ROCK,"

3

knowingly and intentionally distributed a Schedule II controlled substance, to wit: a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine; all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR
### (POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE)

On or about February 26, 2020, in the Macon Division of the Middle District of Georgia, the Defendant,

### (1) JARVIS LOCKETT a/k/a "J-ROCK,"

knowingly and intentionally possessed with intent to distribute a Schedule II controlled substance, to wit: a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine; all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FIVE
### (POSSESSION WITH INTENT TO DISTRIBUTE COCAINE)

On or about February 26, 2020, in the Macon Division of the Middle District of Georgia, the Defendant,

### (1) JARVIS LOCKETT a/k/a "J-ROCK,"

knowingly and intentionally possessed with intent to distribute a Schedule II controlled substance, to wit: a mixture and substance containing a detectable amount of cocaine; all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIX
### (POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE)

On or about February 26, 2020, in the Macon Division of the Middle District of Georgia, the Defendants,

### (4) ARMARD DAVIS a/k/a "BLACK JACK,"
### (7) BRYANNA HOLMES,

4

knowingly and intentionally possessed with intent to distribute a Schedule II controlled substance, to wit: a mixture and substance containing 28 grams or more of cocaine base, also known as crack cocaine; all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

Before **ARMARD DAVIS** committed the offense charged in Count Six, **ARMARD DAVIS** had a separate, final conviction for a serious drug felony, namely a conviction under Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

### COUNT SEVEN
### (POSSESSION WITH INTENT TO DISTRIBUTE COCAINE)

On or about February 26, 2020, in the Macon Division of the Middle District of Georgia, the Defendants,

**(4) ARMARD DAVIS a/k/a "BLACK JACK,"**
**(7) BRYANNA HOLMES,**

knowingly and intentionally possessed with intent to distribute a Schedule II controlled substance, to wit: a mixture and substance containing a detectable amount of cocaine; all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Before **ARMARD DAVIS** committed the offense charged in Count Seven, **ARMARD DAVIS** had a separate, final conviction for a serious drug felony, namely a conviction under Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT EIGHT
### (POSSESSION OF COCAINE)

On or about February 26, 2020, in the Columbus Division of the Middle District of Georgia, the Defendant,

### (11) RODRICK WALTON a/k/a "RODRIE WALTON"

knowingly and intentionally possessed a Schedule II controlled substance, to wit: a mixture and substance containing a detectable amount of cocaine; all in violation of Title 21, United States Code, Section 844(a).

## COUNT NINE
### (CONSPIRACY TO PARTICIPATE IN AN ANIMAL FIGHTING VENTURE)

1.      At all times relevant to this Indictment, an "animal fighting venture" was "any event, in or affecting interstate or foreign commerce, that involves a fight conducted or to be conducted between at least 2 animals for purposes of sport, wagering, or entertainment." 7 U.S.C. § 2156(g)(1).

2.      Beginning on a date unknown to the Grand Jury, but no later than in and around May 2019, and continuing until at least February 26, 2020, in the Macon and Columbus Divisions of the Middle District of Georgia, and elsewhere, the Defendants,

### (1) JARVIS LOCKETT a/k/a "J-ROCK,"
### (2) DERRICK OWENS a/k/a "DOOMIE,"
### (3) CHRISTOPHER RAINES a/k/a "BINKY,"
### (4) ARMARD DAVIS a/k/a "BLACK JACK," and
### (11) RODRICK WALTON a/k/a "RODRIE WALTON"

did knowingly and intentionally conspire, confederate, and agree with one another, and with persons known and unknown to the Grand Jury, to commit the following offenses: (1) sponsoring and exhibiting an animal in an animal fighting venture, contrary to Title 7, United States Code, Section 2156(a)(1) and Title 18, United States Code, Section 49; and (2) possessing, training,

6

transporting, delivering, and receiving any animal for purposes of having the animal participate in an animal fighting venture, contrary to Title 7, United States Code, Section 2156(b) and Title 18, United States Code, Section 49.

## OBJECT OF THE CONSPIRACY

The principal object of the conspiracy was to sponsor and exhibit dogs in animal fighting ventures and to possess, train, transport, deliver, and receive dogs for the purposes of having the dogs participate in an animal fighting venture.

## MANNER AND MEANS OF THE CONSPIRACY

The members of the conspiracy used various manners and means to effect the object of the conspiracy, including, but not limited to, the following:

1. Purchasing, acquiring, and breeding dogs for use in dog fights.

2. Selecting dogs for participation in fights and entering into contracts for dog fights.

3. Sponsoring and exhibiting dogs in dog fights, including dogs that had traveled in interstate and foreign commerce.

4. Sponsoring dog fights at the co-conspirators' residences, including residences used by WALTON and other co-conspirators, at which co-conspirators and others attended and exhibited dogs during dog fights, and placed bets on those dog fights.

5. Promoting, sponsoring, and conducting illegal gambling activities in conjunction with animal fighting ventures, including by placing bets on dog fights and collecting forfeit fees.

6. Learning breeding techniques, researching and identifying fighting-dog bloodlines and wins and losses of individual fighting dogs, for purposes of breeding dogs to maximize the aggressiveness of offspring.

7

7.    Learning and employing dog training techniques to maximize the aggressiveness and fighting capabilities of dogs, and acquiring, maintaining, and using equipment to train fighting dogs, including but not limited to treadmills, jenny mills, slat mills, weighted collars and chains to strengthen a dog's neck muscles.

8.    Researching and developing training and feeding regimens for fighting dogs, called "keeps," and using those keeps in the weeks leading up to a contracted dog fight.

9.    Acquiring and maintaining medical equipment, such as intravenous tubing and bags, skin staplers, suture removers, and veterinary injectable medications, for purposes of attempting to treat dogs injured during dog fights, without the assistance or scrutiny of a veterinarian.

10.    Sharing and receiving information, advice, and techniques discussed in paragraphs 6 through 9, above, with one another and with other co-conspirators known and unknown to the Grand Jury, to advance the interests of and bolster the reputations of the defendants' dog-fighting kennels.

11.    Traveling to and attending dog fights in Georgia, Florida, and other states, and shipping and transporting dogs out of and into Georgia for such purposes.

12.    Using instrumentalities of interstate or foreign commerce, including cellular phones and the internet, to communicate with each other and with various other individuals, known and unknown to the Grand Jury, within and outside the Middle District of Georgia (including individuals in Florida and Alabama), about aspects of dog fighting.

13.    Providing funding for expenses associated with dog fighting, including paying for dog food, medicine and supplements for dogs, and travel expenses for transporting dogs.

8

**OVERT ACTS**

In furtherance of the conspiracy, and to effect the unlawful objects thereof, the following overt acts, among others, were committed in the Middle District of Georgia and elsewhere by a member of the conspiracy.

14. In and around May 2019, some of the co-conspirators, including JARVIS LOCKETT, a/k/a "J-ROCK," and CHRISTOPHER RAINES, a/k/a "BINKY," traveled from the Middle District of Georgia to Melrose, Florida, to attend a dog fight, during which bets were placed on dogs. At least one of the co-conspirators, LOCKETT, sponsored a dog at the dog fight in Melrose, Florida, on or about May 18, 2019.

15. On or about June 8, 2019, JARVIS LOCKETT, a/k/a "J-ROCK," and other co-conspirators attended a dog fight in Macon, Georgia, where bets were placed on dogs. LOCKETT served as a referee for at least two of the dog fights.

16. On or about December 7, 2019, some of the co-conspirators, including JARVIS LOCKETT, a/k/a "J-ROCK," CHRISTOPHER RAINES, a/k/a "BINKY," and others known and unknown to the Grand Jury, traveled to Taylor County, Georgia, for the purpose of attending a dog fight at a co-conspirator's residence. The dog fight did not occur because it was interrupted by a state law enforcement officer.

17. On or about December 14, 2019, RODRICK WALTON, a/k/a "RODRIE WALTON," sent a text message to JARVIS LOCKETT, a/k/a "J-ROCK," with the address of WALTON's residence where a dog fight was scheduled to take place.

18. On or about December 14, 2019, some of the co-conspirators, including JARVIS LOCKETT, a/k/a "J-ROCK," RODRICK WALTON, a/k/a "RODRIE WALTON," and others

known and unknown to the Grand Jury, attended a dog fight at WALTON's residence in Shiloh, Georgia. Some of the co-conspirators, including LOCKETT, sponsored a dog at the dog fight.

19. On or about December 21, 2019, JARVIS LOCKETT, a/k/a "J-ROCK," engaged in a telephone conversation with DERRICK OWENS, a/k/a "DOOMIE," while LOCKETT was at a dog fight. LOCKETT described the dogs to OWENS and OWENS then told LOCKETT to bet on certain dogs for him based on that description.

20. On or about December 22, 2019, JARVIS LOCKETT, a/k/a "J-ROCK," engaged in a telephone conversation with ARMARD DAVIS, a/k/a "BLACK JACK," and discussed planning a dog fight for mid-to late-February.

21. On or about December 26, 2019, CHRISTOPHER RAINES, a/k/a "BINKY," and DERRICK OWENS, a/k/a "DOOMIE," engaged in a telephone conversation and discussed dogs and dog fighting.

22. On or about December 28, 2019, JARVIS LOCKETT, a/k/a "J-ROCK," and CHRISTOPHER RAINES, a/k/a "BINKY," engaged in a telephone conversation during which LOCKETT asked RAINES if RAINES was ready for LOCKETT to come up for a match.

23. On or about December 31, 2019, JARVIS LOCKETT, a/k/a "J-ROCK," sent text messages to some of his co-conspirators, including DERRICK OWENS, a/k/a "DOOMIE," and ARMARD DAVIS, a/k/a "BLACK JACK," soliciting OWENS and DAVIS for a 32-pound and 37-pound female dog for $10,000 for a dog fight.

24. On or about January 3, 2020, DERRICK OWENS, a/k/a "J-ROCK," and RODRICK WALTON, a/k/a "RODRIE WALTON," engaged in a telephone conversation and discussed dogs and breeding.

10

25.    On or about January 6, 2020, JARVIS LOCKETT, a/k/a "J-ROCK," and ARMARD DAVIS, a/k/a "BLACK JACK," engaged in a series of telephone conversations to coordinate a dog fight for later that night.

26.    On or about January 9, 2020, JARVIS LOCKETT, a/k/a "J-ROCK," and ARMARD DAVIS, a/k/a "BLACK JACK," engaged in a telephone conversation. DAVIS discussed weighing dogs for a fight and LOCKETT talked about a dog he had "hooked," or scheduled for a fight, on February 22.

27.    On or about January 10, 2020, RODRICK WALTON, a/k/a "RODRIE WALTON," contacted CHRISTOPHER RAINES, a/k/a "BINKY," via telephone. WALTON asked RAINES what dogs he had on his yard that he needed to "roll," and RAINES listed six dogs.

28.    On or about January 12, 2020, JARVIS LOCKETT, a/k/a "J-ROCK," and ARMARD DAVIS, a/k/a "BLACK JACK," engaged in a telephone conversation. LOCKETT discussed breeding pairs of dogs and how he would sell dogs after he breeds them.

29.    On or about January 13, 2020, RODRICK WALTON, a/k/a "RODRIE WALTON," discussed with DERRICK OWENS, a/k/a "DOOMIE," that WALTON spent all day setting up and that WALTON had built a wall to keep his neighbors from seeing what is going on in his yard. WALTON stated that he would charge $150 to use his spot and $150 per person that wanted to come watch.

30.    On or about January 19, 2020, CHRISTOPHER RAINES, a/k/a "BINKY," in a telephone conversation with other co-conspirators, including RODRICK WALTON, a/k/a "RODRIE WALTON," discussed how a dog performed at a dog fight the previous night and how long a dog should be allowed to rest between fights.

11

31.    On or about January 26, 2020, JARVIS LOCKETT, a/k/a "J-ROCK," and ARMARD DAVIS, a/k/a "BLACK JACK," discussed that they did not want to use another co-conspirator for a "keep," a name for a person used by dog fighters to train and house their fighting dog.

32.    On or about February 16, 2020, DERRICK OWENS, a/k/a "DOOMIE," and RODRICK WALTON, a/k/a "RODRIE WALTON," engaged in a telephone conversation during which OWENS and WALTON discussed dog fighting and setting up a match.

33.    On or about February 22, 2020, ARMARD DAVIS, a/k/a "BLACK JACK," JARVIS LOCKETT, a/k/a "J-ROCK," and others known and unknown to the Grand Jury discussed in a telephone conversation a dog fight set for that evening at 9 p.m. for which LOCKETT would be the referee.

34.    On or about February 22, 2020, some of the co-conspirators, including JARVIS LOCKETT and others known and unknown to the Grand Jury, attended a dog fight in Eastman, Georgia, in the Southern District of Georgia. LOCKETT and other co-conspirators transported dogs from the Middle District of Georgia to Eastman, Georgia. LOCKETT sponsored dogs at the dog fight.

35.    Each possession of a fighting dog as set forth in Counts 11 through 136 of this Indictment is hereby incorporated specifically and by reference as if stated herein as an individual overt act in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 371 in connection with Title 7, United States Code, Sections 2156(a)(1) and 2156(b) and Title 18, United States Code, Section 49.

12

## COUNT TEN

## (SPONSOR AND EXHIBIT A DOG IN AN ANIMAL FIGHTING VENTURE)

On or about December 14, 2019, in the Columbus Division of the Middle District of Georgia and elsewhere, the defendant,

## (1) JARVIS LOCKETT a/k/a "J-ROCK,"

did knowingly sponsor and exhibit a dog for the purpose of having the dog participate in an animal fighting venture, namely: UNNAMED DOG #JL-1.

All in violation of Title 7, United States Code, Section 2156(a)(1), and Title 18, United States Code, Sections 2 and 49.

## COUNTS 11 THROUGH 25

## (POSSESSION OF ANIMALS FOR ANIMAL FIGHTING VENTURE)

On or about February 26, 2020, in the Macon Division of the Middle District of Georgia, the Defendant,

## (1) JARVIS LOCKETT a/k/a "J-ROCK,"

did knowingly possess the following dogs for purposes of having the dogs participate in an animal fighting venture:

| COUNT | Dog Identification Number |
|-------|---------------------------|
| 11 | 20-AIG-000009-001 |
| 12 | 20-AIG-000009-002 |
| 13 | 20-AIG-000009-003 |
| 14 | 20-AIG-000009-004 |
| 15 | 20-AIG-000009-005 |
| 16 | 20-AIG-000009-006 |
| 17 | 20-AIG-000009-007 |
| 18 | 20-AIG-000009-008 |
| 19 | 20-AIG-000009-009 |
| 20 | 20-AIG-000009-010 |
| 21 | 20-AIG-000009-011 |
| 22 | 20-AIG-000009-012 |
| 23 | 20-AIG-000009-013 |

| 24 | 20-AIG-000013-001 |
| 25 | 20-AIG-000013-002 |

All in violation of Title 7, United States Code, Section 2156(b), and Title 18, United States Code, Sections 2 and 49.

## COUNTS 26 THROUGH 65

## (POSSESSION OF ANIMALS FOR ANIMAL FIGHTING VENTURE)

On or about February 26, 2020, in the Columbus Division of the Middle District of Georgia, the Defendant,

## (3) CHRISTOPHER RAINES a/k/a "BINKY,"

did knowingly possess the following dogs for purposes of having the dogs participate in an animal fighting venture:

| COUNT | Dog Identification Number |
|---|---|
| 26 | 20-AIG-000007-002 |
| 27 | 20-AIG-000007-003 |
| 28 | 20-AIG-000007-004 |
| 29 | 20-AIG-000007-005 |
| 30 | 20-AIG-000007-006 |
| 31 | 20-AIG-000007-007 |
| 32 | 20-AIG-000007-008 |
| 33 | 20-AIG-000007-009 |
| 34 | 20-AIG-000007-010 |
| 35 | 20-AIG-000007-011 |
| 36 | 20-AIG-000007-012 |
| 37 | 20-AIG-000007-013 |
| 38 | 20-AIG-000007-014 |
| 39 | 20-AIG-000007-015 |
| 40 | 20-AIG-000007-016 |
| 41 | 20-AIG-000007-017 |
| 42 | 20-AIG-000007-018 |
| 43 | 20-AIG-000007-019 |
| 44 | 20-AIG-000007-020 |
| 45 | 20-AIG-000007-021 |
| 46 | 20-AIG-000007-022 |
| 47 | 20-AIG-000007-023 |
| 48 | 20-AIG-000007-024 |

| 49 | 20-AIG-000007-025 |
|---|---|
| 50 | 20-AIG-000007-026 |
| 51 | 20-AIG-000007-027 |
| 52 | 20-AIG-000007-028 |
| 53 | 20-AIG-000007-028A |
| 54 | 20-AIG-000007-028B |
| 55 | 20-AIG-000007-029 |
| 56 | 20-AIG-000007-030 |
| 57 | 20-AIG-000007-031 |
| 58 | 20-AIG-000007-032 |
| 59 | 20-AIG-000007-033 |
| 60 | 20-AIG-000007-034 |
| 61 | 20-AIG-000007-035 |
| 62 | 20-AIG-000007-036 |
| 63 | 20-AIG-000007-037 |
| 64 | 20-AIG-000007-038 |
| 65 | 20-AIG-000007-039 |

All in violation of Title 7, United States Code, Section 2156(b), and Title 18, United States Code, Sections 2 and 49.

## COUNTS 66 THROUGH 109

### (POSSESSION OF ANIMALS FOR ANIMAL FIGHTING VENTURE)

On or about February 26, 2020, in the Columbus Division of the Middle District of Georgia, the Defendant,

### (2) DERRICK OWENS a/k/a "DOOMIE,"

did knowingly possess the following dogs for purposes of having the dogs participate in an animal fighting venture:

| COUNT | Dog Identification Number |
|---|---|
| 66 | 20-AIG-000012-002 |
| 67 | 20-AIG-000012-003 |
| 68 | 20-AIG-000012-004 |
| 69 | 20-AIG-000012-005 |
| 70 | 20-AIG-000012-006 |
| 71 | 20-AIG-000012-007 |
| 72 | 20-AIG-000012-008 |

15

| 73 | 20-AIG-000012-009 |
|-----|-------------------|
| 74 | 20-AIG-000012-010 |
| 75 | 20-AIG-000012-011 |
| 76 | 20-AIG-000012-012 |
| 77 | 20-AIG-000012-013 |
| 78 | 20-AIG-000012-014 |
| 79 | 20-AIG-000012-015 |
| 80 | 20-AIG-000012-016 |
| 81 | 20-AIG-000012-017 |
| 82 | 20-AIG-000012-018 |
| 83 | 20-AIG-000012-019 |
| 84 | 20-AIG-000012-020 |
| 85 | 20-AIG-000012-021 |
| 86 | 20-AIG-000012-022 |
| 87 | 20-AIG-000012-023 |
| 88 | 20-AIG-000012-024 |
| 89 | 20-AIG-000012-025 |
| 90 | 20-AIG-000012-026 |
| 91 | 20-AIG-000012-027 |
| 92 | 20-AIG-000012-028 |
| 93 | 20-AIG-000012-029 |
| 94 | 20-AIG-000012-030 |
| 95 | 20-AIG-000012-031 |
| 96 | 20-AIG-000012-032 |
| 97 | 20-AIG-000012-033 |
| 98 | 20-AIG-000012-034 |
| 99 | 20-AIG-000012-035 |
| 100 | 20-AIG-000012-036 |
| 101 | 20-AIG-000012-037 |
| 102 | 20-AIG-000012-038 |
| 103 | 20-AIG-000012-039 |
| 104 | 20-AIG-000012-040 |
| 105 | 20-AIG-000012-041 |
| 106 | 20-AIG-000012-042 |
| 107 | 20-AIG-000012-043 |
| 108 | 20-AIG-000012-044 |
| 109 | 20-AIG-000012-045 |

All in violation of Title 7, United States Code, Section 2156(b), and Title 18, United States Code, Sections 2 and 49.

16

## COUNTS 110 THROUGH 127

## (POSSESSION OF ANIMALS FOR ANIMAL FIGHTING VENTURE)

On or about February 26, 2020, in the Columbus Division of the Middle District of Georgia, the Defendant,

### (11)   RODRICK WALTON a/k/a "RODRIE WALTON,"

did knowingly possess the following dogs for purposes of having the dogs participate in an animal fighting venture:

| COUNT | Dog Identification Number |
|---|---|
| 110 | 20-AIG-000011-001 |
| 111 | 20-AIG-000011-002 |
| 112 | 20-AIG-000011-003 |
| 113 | 20-AIG-000011-004 |
| 114 | 20-AIG-000011-005 |
| 115 | 20-AIG-000011-006 |
| 116 | 20-AIG-000011-007 |
| 117 | 20-AIG-000011-008 |
| 118 | 20-AIG-000011-009 |
| 119 | 20-AIG-000011-010 |
| 120 | 20-AIG-000011-011 |
| 121 | 20-AIG-000011-012 |
| 122 | 20-AIG-000011-013 |
| 123 | 20-AIG-000011-014 |
| 124 | 20-AIG-000011-015 |
| 125 | 20-AIG-000011-016 |
| 126 | 20-AIG-000011-017 |
| 127 | 20-AIG-000011-018 |

All in violation of Title 7, United States Code, Section 2156(b), and Title 18, United States Code, Sections 2 and 49.

## COUNTS 128 THROUGH 136

## (POSSESSION OF ANIMALS FOR ANIMAL FIGHTING VENTURE)

On or about February 26, 2020, in the Macon Division of the Middle District of Georgia, the Defendant,

## (4) ARMARD DAVIS a/k/a "BLACK JACK,"

did knowingly possess the following dogs for purposes of having the dogs participate in an animal fighting venture:

| COUNT | Dog Identification Number |
| --- | --- |
| 128 | 20-AIG-000014-001 |
| 129 | 20-AIG-000014-002 |
| 130 | 20-AIG-000014-003 |
| 131 | 20-AIG-000014-004 |
| 132 | 20-AIG-000014-005 |
| 133 | 20-AIG-000014-006 |
| 134 | 20-AIG-000014-007 |
| 135 | 20-AIG-000014-008 |
| 136 | 20-AIG-000014-009 |

All in violation of Title 7, United States Code, Section 2156(b), and Title 18, United States Code, Sections 2 and 49.

**FORFEITURE NOTICE**
**(21 U.S.C. § 853, 21 U.S.C. § 881(a) and 28 U.S.C. § 2461(c) – Criminal Forfeiture)**

1. The allegations contained in Counts One through Eight of this Indictment are hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853, and/or Title 21, United States Code, Section 881(a), in conjunction with Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense(s) in violation of Title 21, United States Code, Section 846, in conjunction with Sections 841(a)(1) and 841(b)(1)(A)(ii) set forth in Count One; Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) set forth in Counts Two, Four, Five and Seven; Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) set forth in Counts Three and Six; and/or Title 21, United States Code, Section 844(a) set forth in Count Eight of this Indictment, the Defendant(s),

**(1) JARVIS LOCKETT a/k/a "J-ROCK,"**
**(2) DERRICK OWENS a/k/a "DOOMIE,"**
**(3) CHRISTOPHER RAINES a/k/a "BINKY,"**
**(4) ARMARD DAVIS a/k/a "BLACK JACK,"**
**(5) JASON CARTER,**
**(6) SHAQUILLE BENTLEY,**
**(7) BRYANNA HOLMES,**
**(8) VERNON VEGAS,**
**(9) LEKEY DAVIS a/k/a "KEE BOO,"**
**(10) KATHY ANN WHITFIELD,**

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, and/or 881(a), in conjunction with Title 28, United States Code, Section 2461(c), any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s).

19

3.    If any the property subject to forfeiture, as a result of any act or omission of the defendant(s):

(a)    cannot be located upon exercise of due diligence;

(b)    has been transferred, sold to or deposited with, a third person;

(c)    has been placed beyond the jurisdiction of the Court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be subdivided without difficulty

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), through Title 21, United States Code, Section 881(a).

All pursuant to Title 21, United States Code, Section 853, Title 21, United States Code, Section 881(a), and Title 28, United States Code, Section 2461(c).

20

A TRUE BILL.

_s/Foreperson of the Grand Jury_
FOREPERSON OF THE GRAND JURY

PETER D. LEARY
ACTING UNITED STATES ATTORNEY

Presented By:

WILLIAM R. KEYES
Assistant United States Attorney

JONATHAN D. BRIGHTBILL
Principal Deputy Assistant Attorney General
Department of Justice
Environment and Natural Resources Division

JENNIFER LEIGH BLACKWELL
Senior Trial Attorney
Environmental Crimes Section

Filed in open court this __12__ day of __Jan__ , AD 2021.

Deputy Clerk

21

## NOTICE OF ENHANCED DRUG PENALTIES UNDER 21 U.S.C. § 841
### COUNT ONE – DERRICK OWENS:

COMES NOW, the United States of America, by and through the Acting United States Attorney for the Middle District of Georgia, and files this Notice setting forth facts concerning the prior serious drug felony conviction of **DERRICK OWENS,** herein referred to as Defendant, for sentencing enhancement under the provisions of Title 21, United States Code, Section 841(b)(1)(A)(ii). Defendant's prior conviction enhances Defendant's sentence on Count One of the Indictment from a mandatory minimum term of imprisonment of ten (10) years up to a maximum term of life imprisonment, a $10,000,000 fine, or both, and at least five (5) years of supervised release, to a mandatory minimum term of imprisonment of fifteen (15) years up to a maximum term of life imprisonment, a $20,000,000 fine, or both, and at least ten (10) years of supervised release. The ultimate determination of whether a conviction qualifies under Title 21, United States Code, Section 841(b)(1)(A)(ii) as a predicate offense will be decided by the jury at trial. The United States intends to rely on the following prior conviction:

1. On April 15, 2011, Defendant entered his plea of guilty to VGCSA – Possession of Cocaine with Intent to Distribute and Possession of a Firearm during Commission of a Felony in Case Number 11CR023 in the Superior Court of Talbot County, Georgia. Defendant was sentenced to 10 years imprisonment, with the first 5 years to be served in prison. The Defendant served more than twelve (12) months of said sentence in prison with the Georgia Department of Corrections until January 28, 2013, and Defendant's release from said confinement was within fifteen years of commencement of the instant offense.

### COUNT ONE – ARMARD DAVIS:

COMES NOW, the United States of America, by and through the Acting United States Attorney for the Middle District of Georgia, and files this Notice setting forth facts concerning the prior serious drug felony conviction of **ARMARD DAVIS,** herein referred to as Defendant, for sentencing enhancement under the provisions of Title 21, United States Code, Section

22

841(b)(1)(A)(ii). Defendant's prior conviction enhances Defendant's sentence on Count One of the Indictment from a mandatory minimum term of imprisonment of ten (10) years up to a maximum term of life imprisonment, a $10,000,000 fine, or both, and at least five (5) years of supervised release, to a mandatory minimum term of imprisonment of fifteen (15) years up to a maximum term of life imprisonment, a $20,000,000 fine, or both, and at least ten (10) years of supervised release. The ultimate determination of whether a conviction qualifies under Title 21, United States Code, Section 841(b)(1)(A)(ii) as a predicate offense will be decided by the jury at trial. The United States intends to rely on the following prior conviction:

1.  On April 15, 2009, Defendant entered his plea of guilty to one count of Distribution of More than 5 Grams of Cocaine Base in Case Number 5:08-CR-00043-001-CAR in United States District Court in the Middle District of Georgia. Defendant was sentenced to imprisonment for a total term of 95 months. The Defendant served more than twelve (12) months of said sentence in prison with the United States Bureau of Prisons until April 25, 2014, and Defendant's release from said confinement was within fifteen years of commencement of the instant offense.

## COUNT ONE – CHRISTOPHER RAINES:

COMES NOW, the United States of America, by and through the Acting United States Attorney for the Middle District of Georgia, and files this Notice setting forth facts concerning the prior serious drug felony conviction of **CHRISTOPHER RAINES,** herein referred to as Defendant, for sentencing enhancement under the provisions of Title 21, United States Code, Section 841(b)(1)(A)(ii). Defendant's prior conviction enhances Defendant's sentence on Count One of the Indictment from a mandatory minimum term of imprisonment of ten (10) years up to a maximum term of life imprisonment, a $10,000,000 fine, or both, and at least five (5) years of supervised release, to a mandatory minimum term of imprisonment of fifteen (15) years up to a maximum term of life imprisonment, a $20,000,000 fine, or both, and at least ten (10) years of supervised release. The ultimate determination of whether a conviction qualifies under Title 21,

United States Code, Section 841(b)(1)(A)(ii) as a predicate offense will be decided by the jury at trial. The United States intends to rely on the following prior conviction:

1. On January 6, 2011, Defendant entered his plea of guilty to one count of Possession with Intent to Distribute More than 50 Grams of Cocaine Base in Case Number 4:09-CR-00031-001-CDL in United States District Court in the Middle District of Georgia. Defendant was sentenced to imprisonment for a total term of 120 months. On March 3, 2014, the Court filed an Amended Judgement in a Criminal Case Pursuant to Title 28, United States Code Section 2255 where Defendant's sentence of 120 months was reduced to 108 months. On April 9, 2015, the Court filed an Order Regarding Motion for Sentence Reduction Pursuant to Title 18, United States Code Section 3582(c)(2) where Defendant's sentence of 108 months was reduced to 87 months. This order was effective on November 1, 2015. The Defendant served more than twelve (12) months of said sentence in prison with the United States Bureau of Prisons until March 17, 2016, and Defendant's release from said confinement was within fifteen years of commencement of the instant offense.

**COUNT ONE – LEKEY DAVIS:**

COMES NOW, the United States of America, by and through the Acting United States Attorney for the Middle District of Georgia, and files this Notice setting forth facts concerning the prior serious drug felony convictions of **LEKEY DAVIS,** herein referred to as Defendant, for sentencing enhancement under the provisions of Title 21, United States Code, Section 841(b)(1)(A)(ii). Defendant's prior convictions enhance Defendant's sentence on Count One of the Indictment from a mandatory minimum term of imprisonment of ten (10) years up to a maximum term of life imprisonment, a $10,000,000 fine, or both, and at least five (5) years of supervised release, to a mandatory minimum term of imprisonment of twenty five (25) years up to a maximum term of life imprisonment, an $20,000,000 fine, or both, and at least ten (10) years of supervised release. The ultimate determination of whether a conviction qualifies under Title 21, United States Code, Section 841(b)(1)(A)(ii) as a predicate offense will be decided by the jury at trial. The United States intends to rely on the following prior convictions:

1. On September 23, 2008, Defendant entered his plea of guilty to VGCSA – Trafficking in Cocaine (200-400 grams) in Case Number 07-CR-032 in the Superior Court of Talbot County, Georgia. Defendant was sentenced to 30 years imprisonment, with the first 17

24

years to be served in prison. The Defendant served more than twelve (12) months of said sentence in prison with the Georgia Department of Corrections until July 2, 2014, and Defendant's release from said confinement was within fifteen years of commencement of the instant offense.

2. On February 2, 2009, Defendant entered his plea of guilty to VGCSA – Possession of Cocaine with Intent to Distribute in Case Number SU2007CR1518 in the Superior Court of Muscogee County, Georgia. Defendant was sentenced to 20 years, with the first 10 years to be served in prison. The Defendant served more than twelve (12) months of said sentence in prison with the Georgia Department of Corrections until July 2, 2014, and Defendant's release from said confinement was within fifteen years of commencement of the instant offense.

**COUNT SIX – ARMARD DAVIS:**

COMES NOW, the United States of America, by and through the Acting United States Attorney for the Middle District of Georgia, and files this Notice setting forth facts concerning the prior serious drug felony conviction of **ARMARD DAVIS,** herein referred to as Defendant, for sentencing enhancement under the provisions of Title 21, United States Code, Section 841(b)(1)(B)(iii). Defendant's prior conviction enhances Defendant's sentence on Count Six of the Indictment from a mandatory minimum term of imprisonment of five (5) years up to a maximum term of forty (40) years, a $5,000,000 fine, or both, and at least four (4) years of supervised release, to a mandatory minimum term of imprisonment of ten (10) years up to a maximum term of life imprisonment, an $8,000,000 fine, or both, and at least eight (8) years of supervised release. The ultimate determination of whether a conviction qualifies under Title 21, United States Code, Section 841(b)(1)(B)(iii) as a predicate offense will be decided by the jury at trial. The United States intends to rely on the following prior conviction:

1. On April 15, 2009, Defendant entered his plea of guilty to one count of Distribution of More than 5 Grams of Cocaine Base in Case Number 5:08-CR-00043-001-CAR in United States District Court in the Middle District of Georgia. Defendant was sentenced to imprisonment for a total term of 95 months. The Defendant served more than twelve (12) months of said sentence in prison with the United States Bureau of Prisons until April 25,

25

2014, and Defendant's release from said confinement was within fifteen years of commencement of the instant offense.

**COUNT SEVEN – ARMARD DAVIS:**

COMES NOW, the United States of America, by and through the Acting United States Attorney for the Middle District of Georgia, and files this Notice setting forth facts concerning the prior serious drug felony conviction of **ARMARD DAVIS,** herein referred to as Defendant, for sentencing enhancement under the provisions of Title 21, United States Code, Section 841(b)(1)(C). Defendant's prior conviction enhances Defendant's sentence on Count Seven of the Indictment from a maximum of twenty (20) years imprisonment, a $1,000,000 fine, or both, and at least three (3) years of supervised release, to a maximum term of thirty (30) years imprisonment, an $2,000,000 fine, or both, and at least six (6) years of supervised release. The ultimate determination of whether a conviction qualifies under Title 21, United States Code, Section 841(b)(1)(C) as a predicate offense will be decided by the jury at trial. The United States intends to rely on the following prior conviction:

1. On April 15, 2009, Defendant entered his plea of guilty to one count of Distribution of More than 5 Grams of Cocaine Base in Case Number 5:08-CR-00043-001-CAR in United States District Court in the Middle District of Georgia. Defendant was sentenced to imprisonment for a total term of 95 months. The Defendant served more than twelve (12) months of said sentence in prison with the United States Bureau of Prisons until April 25, 2014, and Defendant's release from said confinement was within fifteen years of commencement of the instant offense.

26